United States District Court
Southern District of Mississippi



Kenneth Alan Matthes,

Plaintiff,

3:19cv 624 DPJ FKB

Re: Case No. To Be Assigned

Vs.

Correctional Officer Crowder, and
Unknown Officers,

Defendants.

Complaint Pursuant
Bivens v. Six Unknown Named Agents
of the Federal Bureau of Narcotics, and
28 U.S.C.ss 1331

Comes Now Kenneth Alan Matthes (hereinafter 'Matthes') unrepresented
pro-se to file his Civil Complaint pursuant United States Supreme
Court precedent found in Bivens v. Six Unknown Named Agents of
the Federal Bureau of Narcotics, 403 U.S. 388 (1971) and United States
Code Title 28 section 1331.
In support thereof Matthes states as follows:

Jurisdiction:

28 U.S.C. ss 1331 provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

Background:

Matthes is an inmate housed by the Federal Government at the Federal Correctional Complex in Yazoo City, Ms. (see address below). Matthes is currently serving an eleven (11) month prison sentence for a violation of Supervised Release, said violations having been for failing multiple drug tests.

Matthes was originally charged, and completed a sentence for, possession of child pornography.

Statement of Facts:

Almost all of the inmates incarcerated at Yazoo City Penitentiary are medium security inmates displaced from FCI-Marianna, Florida. On October 10, 2018 Hurricane Michael devastated the compound in Marianna.

FCI-Marianna housed particular inmates who would be vulnerable to violence if incarcerated with inmates who were active in gangs or answered to "Shot callers." This is because inmates of Marianna are in one of two groups: (1) they are gang drop-outs or provided substantial assistance to the government, and (2) they were sex offenders.

It goes without saying that all of the staff and correctional officers were briefed of the "special status" of Marianna inmates upon their arrival at Yazoo City. Yet none of the officers nor staff will state they received any extra training or special instructions on policing these types of inmates. Furthermore, the institution at Yazoo City has been extremely understaffed going so far as to have staff and correctional officers brought from far away cities such as Miami, Florida. There is to be a Unit Team consisting of a Unit Manager, a Case Manager, and a Counsellor at every unit in every Federal Prison in America. Yet at Yazoo City Penitentiary these offices are only occupied maybe one day a week. Repeated requests for staff falls on deaf ears.

On May 10, 2017 correctional officer conducted a cell search assigned to Matthes. A diabetic syringe was found which appeared to contain a clear substance. Matthes was taken to the special housing unit (SHU) and given an incident report the next day May 11, 2017. On the morning of June 3, 2019 Matthes and his cell mates Bobby Frie was asked by Recreation Correctional officer Crowder if they wanted to go outside for an hour of recreation. Both inmates stated they would like some fresh air but they are gang drop-outs and did not want to be placed inside a cage with any active gang members. They were told something to the effect of don't be a baby and were taken outside and placed in a cage by themselves.

About 10 minutes passed and then the officer brought out two latinos and placed them in the same cage as Matthes and Frick. The two inmates stated they were from the medium security prison across the compound. Stated names sounding like Guzman and Ramos.

They began questioning Matthes about his gang tatoos. Matthes stated he didn't want any trouble and asked if everything was okay. The two latinos began assaulting Matthes striking him repeatedly in and about the face. All the while yelling "we know what your charge is and we know you are a drop-out from the yard over at Marianna."

Their blows from closed fists caused at least 3 lacerations, bruising, and swelling. After freeing himself from the onslaught of violence Matthes was able to run to the gate, all the while screaming for officers to please come help him. The officers merely yelled out to knock that crap off. He then got on the radio when he seen my bloody face to call for assistance. More officers arrived and deployed pepper spray. The two latinos yelled at the officers -- "Hey you stupid mother fuckers we are active Sorrenos you fucking punks." Everyone was eventually subdued.

Matthes was placed in a holding cage before being decontaminated, which they videotaped. Then Matthes was taken for a medical evaluation.

Medical stated stitches were probably necessary but subsequently

merely applied a "skin affix" to the more serious laceration. No ice was provided for the swollen face and eye and nothing was given for pain.

As of the date of this writing Matthes still sports a visible scar under his eye, which is probably permanent. He suffers from pain in and behind his eye socket. He is extremely anxious fearing what the day and the days ahead hold for him. He has talked to a member of the psychology department due to his anxiety. Sleep seldom comes in more than an hour at a time.

Matthes will be released from prison before this case is even put on the court's docket and he fears the trauma will endure and he will not be able to seek appropriate attention to his condition.

Matthes will show a jury that correctional officers at Yazoo City penitentiary acted in a deliberate and with aforethought when placing active gang members, inside the same caged in enclosed space, who were inmates from another prison.

Staff knew of Matthes' conviction charges, knew that he was an inmate brought from Marianna, knew of his drop-out status and fully knew what would happen when placing the gang members in Matthes rec cage. There were other rec cages available for the two medium security prison gang members. Yet Rec Officer Crowder deliberately placed them inside the enclosed cage with Matthes.

The Law

Plaintiff brings his claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).
"A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors." Bivens at 395-97. A Bivens claim allows a plaintiff to bring an action for money damages against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct.

A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law.

Plaintiff asserts that defendants failed to protect him from being assaulted. A prisoner's right to be free from violence is clearly established. The Eighth Amendment requires officials to "provide humane conditions of confinement" by taking reasonable steps to protect inmates convicted of crimes from assault by other inmates. See Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 565 (2001).

Prison officials do not commit a constitutional violation every time one prisoner attacks another. To prove unconstitutional failure to protect from harm, plaintiff must show an objectively, sufficiently serious deprivation, meaning he was incarcerated under conditions posing a substantial risk

of serious harm, and the defendant was deliberately indifferent to the substantial risk of serious harm. Id. An inmate must demonstrate that he suffered a deprivation of the minimal civilized measure of life's necessities.

The second requirement is subjective and requires the inmate to prove that the prison official had a sufficiently culpable state of mind. An official is deliberately indifferent if he/she actually knows of a substantial risk and fails to respond reasonably.

Deliberate indifference is "more than ordinary lack of due care for the prisoner's interest or safety", and "describes a state of mind more blameworthy than negligence" but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835.

Qualified Immunity may protect government officials from liability but not if their conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known. See Hope v. Pelzer, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). In analyzing a claim of qualified immunity, courts consider two questions: (1) whether the facts a plaintiff has alleged or shown, when viewed in the light most favorable to plaintiff, support a finding that the conduct of defendants violated a constitutional right, and (2) whether the constitutional right was "clearly established" such that a reasonable person would have known his actions were unlawful. See Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

Relief Sought:

Matthes requests a jury trial where he will declare at the conclusion that he should be awarded the sum of one hundred Seventy - five thousand dollars ($175,000.00) and all medical expenses covered, post, present, and future which necessitate from the injuries suffered on June 3, 2019.

Date: July 18, 2019

Under Penalty of Perjury
Pursuant 28 U.S.C sr 1746
This Document is   — —

CC) File
  Correctional Officer
  Crowder

Respectfully Submitted,

Kenneth Alan Matthes
5209 old hwy 42 bypass
HAttics Lurg   ms   34401