IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENNETH ALAN MATTHES,
REG. NO. 08968-003                                                                                      PLAINTIFF

VS.                                                                       CIVIL ACTION NO. 3:19cv624-KHJ-FKB

BRANDON CROWDER and
UNKNOWN OFFICERS                                                                                    DEFENDANTS

### REPORT AND RECOMMENDATION

This is a *Bivens*[1] action brought by a federal prisoner who was formerly incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC-Yazoo").[2] Kenneth Alan Matthes alleges that Defendant Brandon Crowder and other unknown, unserved prison officers at FCC-Yazoo failed to protect him from harm during an incident on May 10, 2019, when he was attacked by other inmates. Before the Court is Defendant Crowder's Motion for Summary Judgment [21]. Plaintiff has failed to respond to the Motion [21], even after the Court ordered him to do so and advised him that "[f]ailure to respond will be construed as confessing the motion and will result in the dismissal of this action with prejudice." *See* [23]. Having considered the filings, the undersigned recommends that the Motion for Summary Judgment [21] be granted, and that this matter be dismissed based on Plaintiff's failure to exhaust administrative remedies.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 US. 388 (1971).
[2] Plaintiff was released from the custody of the Bureau of Prisons ("BOP") on January 18, 2020. *See* https://www.bop.gov/inmateloc/ (last visited July, 1, 2021).

I.      DISCUSSION

Statutory and case law require a prisoner to exhaust administrative remedies, regardless of the relief sought. The relevant portion of 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 ("PLRA") states, as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative remedies. *Id.* at 740-741. The United States Supreme Court further explained its position when it held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002)(commenting that federal prisoners suing under *Bivens* must first exhaust administrative remedies); *Jones v. Bock*, 549 U.S. 199 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense); *see also Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012)("District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.").

In this case, Plaintiff's complaint does not address whether he exhausted his administrative remedies prior to bringing this suit. Plaintiff signed his complaint on July 18,

2

2019, barely two months after the May 10 alleged attack. Nevertheless, according to the unrebutted evidence submitted by Defendants, Matthes never filed an administrative remedy request regarding this incident. *See* [21-1] at 3; [21-2]. As demonstrated by his records of unrelated administrative grievances, he was well aware of the administrative remedy process, but failed to comply with its rules. *See* [21-2].

Furthermore, Matthes does not allege that he suffered from any ailment that prohibited him from pursuing administrative remedies. *See Ferrington v. Louisiana Dep't of Corr.*, 315 F.3d 529 (5th Cir. 2002)(Plaintiff-inmate's blindness did not excuse him from exhausting administrative remedies.); *see also Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003)(excusing non-exhaustion of administrative remedies because of physical injury and subsequent rejection of grievance due to untimeliness).

As stated in *Porter*, "all 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524. Plaintiff has failed to meet this standard and, furthermore, has failed to respond to the Motion for Summary Judgment. Accordingly, Defendant is entitled to summary judgment, and Plaintiff's claims should be dismissed without prejudice.

II.     CONCLUSION

Accordingly, for these reasons, the undersigned recommends that Defendant's Motion for Summary Judgment [21] be granted, and the complaint be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon

3

grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 7th day of July, 2021.

> s/ F. Keith Ball                                   .
> UNITED STATES MAGISTRATE JUDGE